Filed 3/25/25  P. v. Pickering CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>CONROY PICKERING,<br><br>    Defendant and Appellant. | F087442<br><br>(Super. Ct. No. SC068022A)<br><br><br>**OPINION** |

-ooOoo-

**INTRODUCTION**

In 1997, a jury convicted defendant Conroy Pickering of possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a); count 1) and misdemeanor possession of drug paraphernalia (*id.*, § 11364; count 2).  The court found true two prior

---

*Before Franson, Acting P. J., Peña, J. and Smith, J.

prison term enhancements (§ 667.5, former subd. (b)) and allegations that defendant had suffered seven prior strike convictions. The court denied defendant's motion to strike his prior strike convictions pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*) and sentenced defendant to a term of 27 years to life (25 years on count 1, plus one year for each of the two prior prison term enhancements).

On November 16, 2023, the court resentenced defendant pursuant to Penal Code section 1172.75. (Undesignated statutory references are to the Penal Code.) It denied defendant's motion to strike his prior strike convictions pursuant to *Romero*, *supra*, 13 Cal.4th 497, struck the prior prison term enhancements, and resentenced defendant to 25 years to life for count 1.

On appeal, defendant contends insufficient evidence supports the resentencing court's finding his prior conviction for assault with a deadly weapon or by means of force likely to produce great bodily injury (§ 245, subd. (a)(1)) is a strike offense. He also contends the resentencing court erred in refusing to strike his prior strike convictions.

We requested and received supplemental briefing from the parties pursuant to Government Code section 68081 regarding whether the Penal Code section 667.5, subdivision (b) prior prison enhancements that were stricken during the November 16, 2023, resentencing hearing were imposed, in part, for "sexually violent offense[s]" such that the enhancements are still legally valid (see Pen. Code, §§ 220, 261; Welf. & Inst. Code, § 6600.1; see also Pen. Code, §§ 667.5, subd. (b), 1172.75, subd. (a)), and if so, whether the trial court erred in resentencing defendant under section 1172.75.

We now conditionally vacate the court's November 16, 2023, resentencing order and remand to the trial court for further proceedings consistent with this opinion.

## FACTUAL AND PROCEDURAL HISTORY

### *Charges, Verdict, and Original Sentence*

Defendant was charged with felony unlawful possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a); count 1) and misdemeanor possession of drug

paraphernalia (*id.*, § 11364; count 2).  It was also alleged that defendant had suffered seven prior convictions that qualified as strike priors (§§ 667, subds. (c)–(j), 1170.12, subds. (a)–(e)):  a violation of section 459 on or about August 16, 1983 (Super. Ct. Kern County, No. SC25694), a violation of sections 664 and 211 on or about August 16, 1983 (Super. Ct. Kern County, No. SC25694); a violation of section 220 on or about August 16, 1983 (Super. Ct. Kern County, No. SC25694), a violation of section 212.5, subdivision (a) on or about September 2, 1988 (Super. Ct. Kern County, No. SC36402), a violation of sections 220 and 261 on or about September 2, 1988 (Super Ct. Kern County, No. SC36402), a violation of section 460.1 on or about September 2, 1988 (Super. Ct. Kern County, No. SC36402), and a violation of section 245, subdivision (a)(1) on or about September 2, 1988 (Super. Ct. Kern County, No. SC36402).

It was further alleged that defendant served two prior prison terms (§ 667.5, former subd. (b)):  the first for multiple convictions—violations of sections 459, 664, 211, and 220—committed on or about August 16, 1983 (Super. Ct. Kern County No. SC25694) and the second also for multiple convictions—violations of sections 212.5, subdivision (a), 220, 261, 460.1, and 245, subdivision (a)(1)—committed on or about September 2, 1988 (Super Ct. Kern County, No. SC36402).

On April 3, 1997, a jury convicted defendant of both counts, and the court found true all of the strike prior enhancement allegations (§§ 667, subd. (a); 667, subds. (c)–(j), 1170.12, subds. (a)–(e)), and the prison prior allegations (§ 667.5, former subd. (b)).

Before sentencing, defendant filed a motion to strike his prior strike convictions pursuant to *Romero, supra*, 13 Cal.4th 497.  The court denied defendant's motion and sentenced him to a term of 25 years to life on count 1 pursuant to section 667, subdivision (e) plus two additional years for the two prison prior conviction enhancements (§ 667.5, former subd. (b)) for a total aggregate term of 27 years to life.  Defendant was also sentenced to a term of six months on count 2 to be served concurrently with his sentence on count 1.

*Resentencing Proceedings*

After the passage of Senate Bill No. 483 (2021–2022 Reg. Sess.), the California Department of Corrections and Rehabilitation identified defendant as potentially eligible for resentencing. The court held a hearing on November 16, 2023, during which defendant was represented by counsel and the People submitted a "certified rap" sheet.[1]

Defense counsel then argued that "this is a case that involved a very small amount of drugs …. [H]e was stopped if I'm not mistaken for riding a bicycle without a light on it. He is 70 years old at this time. And his priors, although very, very serious, I'm asking the Court to strike one of them and sentence him to double the 16, which would be the felony sentence when someone has strikes and they are not eligible for misdemeanor. So it will be 16, 2, 3, and I am asking the Court to double that and give him 6 years." Defense counsel then clarified in response to questioning by the court that she was asking for the upper term doubled to six years.

The prosecutor asserted the defendant had "assault with intent to commit rape from 1983" and "[e]nforceable [*sic*] rape as well as … strikes from 1988." He asserted defendant's "prior offenses do matter and do impact the proper sentence in this case." He stated his belief that defendant suffered a super strike and would be eligible for life in prison, "which is based on the totality of the circumstance[s]" and "would be nothing more than he deserves."

Defense counsel asserted the court should "look toward some sort of equity in sentencing" under section 1385. "And we're dealing with a man who has been in prison

---

[1]With regard to Kern Superior Court case No. SC25694, the certified rap sheet lists count 1 as "459 PC-Burglary: First Degree," "*Dispo: Convicted," "Conv Status: Felony," "Sen: 4 years." It lists count 2 in that same case as "211 PC-Robbery," "*Dispo: Convicted," "Conv Status: Felony." And it lists count 3 as "220 PC-Assault to Commit Rape," "*Dispo: Convicted," "Conv Status: Felony," "Sen: 4 years prison."

With regard to Kern Superior Court case No. SC36402, the certified rap sheet lists count 1 as "212.5(a) PC- ROB: 1st Deg: CAB/ETC/INHAB DWELL." It then lists count 2 in that same case as "220/261 PC-Assault to Commit Rape." And it lists "CNT: 03-04" as "460.1 PC-Burglary: First Degree." It then lists count 5 as "245(a)(1) PC-Force/ADW not firearm: GBI Likely." It then indicates: "SEN: 176 Months Prison."

for many, many, many years now. And I realize that his past history is not good. What he's been convicted of serious crimes and violent crimes. But in light of the amount of time he's been in prison and for what this case was for, just being stopped and having a small amount of drugs in his possession," she urged the court to strike the strike and impose the upper term.

The court stated it wanted to trail the matter momentarily because it was "not sure one of these [prior strikes] qualif[ies] as a super strike" and wanted to get an answer from probation before it made its decision. The prosecutor responded he may "have some information." He was looking at section 667, subdivision (e)(2)(C)(ii) "and this subsection states that the defendant should be sentenced to double the based [*sic*] term if the current offense is not a serious or violent offense unless Section 2 of the current offense is a felony sex offense defined in various sections including 262, or a felony offense that resulted in failure to register as a sex offender, which would describe both of these prior offenses. In which case, he can be sentenced to 25 to life, your Honor."

The court then declined to exercise its discretion under section 1385 to strike defendant's prior strikes. The court stated it understood where defense counsel was "coming from with the facts of the underlining [*sic*] case. It is incredibly minor. It is a misdemeanor today. Nonetheless the defendant … has 7 prior strike convictions. And some strikes are more serious than others. [I]n this case, we have more than one case that is a porchable [*sic*] sexual offense strike, and I think the danger to public safety is too high for me to justify. I think it would be an injustice to strike that particular strike based on the interest of public safety. So for that reason, I'm exercising my discretion under 1385, and I'm not going to strike that strike pursuant to People versus Romero."

The court then struck the section 667.5, former subdivision (b) prison prior enhancements and otherwise reinstated the terms of the original sentence for a total term of 25 years to life.

## DISCUSSION

Defendant appeals from the court's order, asserting his strike prior for a violation of section 245, subdivision (a)(1) was not supported by sufficient evidence, and the resentencing court erred in denying his motion to strike his prior strikes.

We requested and received supplemental briefing from the parties pursuant to Government Code section 68081 regarding whether the Penal Code section 667.5, subdivision (b) prior prison enhancements that were stricken during the November 16, 2023, resentencing hearing were imposed, in part, for "sexually violent offense[s]" such that the enhancements are still legally valid (see Pen. Code, §§ 220, 261; Welf. & Inst. Code, § 6600.1; see also Pen. Code, §§ 667.5, subd. (b), 1172.75, subd. (a)), and if so, whether the trial court erred in resentencing defendant under section 1172.75. For the reasons discussed further below, we conclude remand for further proceedings is appropriate.

### I.       Applicable Law

In October of 2021, the Governor signed Senate Bill No. 483, effective on January 1, 2022, which added section 1171.1 to the Penal Code, subsequently renumbered as section 1172.75. This section declares: "Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code is legally invalid."

Welfare and Institutions Code section 6600, subdivision (b) provides: "'Sexually violent offense' means the following acts when committed by force, violence, duress, menace, fear of immediate and unlawful bodily injury on the victim or another person, or threatening to retaliate in the future against the victim or any other person, and that are committed on, before, or after the effective date of this article and result in a conviction or a finding of not guilty by reason of insanity, as defined in subdivision (a): a felony

6.

violation of Section 261, 262, 264.1, 269, 286, 287, 288, 288.5, or 289 of, or former Section 288a of, the Penal Code, or any felony violation of Section 207, 209, or 220 of the Penal Code, committed with the intent to commit a violation of Section 261, 262, 264.1, 286, 287, 288, or 289 of, or former Section 288a of, the Penal Code."

Section 1172.75 establishes a mechanism to provide affected defendants an avenue for relief from now invalid prison prior enhancements. Subdivision (b) directs the Secretary of the Department of Corrections and Rehabilitation (CDCR) and the county correctional administrator of each county to "identify those persons in their custody currently serving a term for a judgment" that includes a now legally invalid prior prison enhancement, and to provide the names of such persons, their dates of birth, and the relevant case number or docket number to the sentencing court that imposed the enhancement. (§ 1172.75, subd. (b).) After the court receives from the CDCR and county correctional administrator the information included in subdivision (b) of section 1172.75, "the court shall review the judgment and verify that the current judgment includes a sentencing enhancement described in subdivision (a)," and if so, "recall the sentence and resentence the defendant." (§ 1172.75, subd. (c).)

Section 1172.75 provides, when resentencing a defendant, the court must "apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (§ 1172.75, subd. (d)(2).) "The court may consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice." (§ 1172.75, subd. (d)(3).)

**II, Analysis**

In his supplemental letter brief, defendant asserts the certified rap sheet reflects he "was sentenced to four years in state prison for the convictions underlying the first prior prison term enhancement (case number SC25694) and 176 months in state prison for the convictions underlying the second prior prison term enhancement (case number SC36402)…. It does not indicate, however, exactly how each sentence was *imposed*. [¶] Thus, it cannot be shown that [defendant] served a separate prison term for a sexually violent offense in each case." He also contends "assault with intent to commit rape requires the intention to use force but not the *actual use* of force, and a conviction of assault with the intent to commit rape does not establish that the defendant actually used force during the assault," as required for it to constitute a sexually violent offense. He contends there was no evidence presented at the resentencing hearing that his prior convictions for violations of section 220 were "'committed by force, violence, duress, menace, fear of immediate and unlawful bodily injury on the victim or another person, or threatening to retaliate in the future against the victim or any other person.'" Finally, he asserts "as to the first prior prison term allegation (case number SC25694), the amended information alleged a prior prison term based, in part, on a prior conviction for … section 220, without specifying the intent accompanying the assault," so it could have been assault committed with intent to commit mayhem, rape, sodomy, oral copulation, or any violation of section 264.1, 288, or 289. Citing *People v. Green* (2024) 104 Cal.App.5th 365, defendant argues the People never alleged he served a prior prison term attributable to assault with the intent to commit rape as to case No. SC25694. Rather, because they only alleged assault under section 220, without specifying the intent accompanying the assault, "it cannot be shown that this prior prison term was imposed for a sexually violent offense."

The People assert the prior prison terms that formed the basis for the section 667.5, subdivision (b) enhancement may have been served for sexually violent offenses. They agree with defendant the information does not allege that the violations of Penal

8.

Code section 220 were committed by force, violence, or any of the other factors listed in Welfare and Institutions Code section 6600, subdivision (b). And they note the information did not specify the intent underlying defendant's 1983 conviction for violation of section 220; so, it could have been for assault with intent to commit mayhem, which was not a sexually violent offense. Nevertheless, they contend the court did not undertake its mandatory duty to verify the prior prison term enhancements were now invalid before conducting resentencing pursuant to section 1172.75 and, if the prison priors were for sexually violent offenses, the trial court did not have jurisdiction to recall and resentence defendant. They argue that remand is necessary to permit the court to consider whether the section 667.5, subdivision (b) enhancements are now invalid. They assert defendant's contentions that there is insufficient information to establish whether the prior prison terms were served for sexually violent offenses can be raised below.

We agree with the People that remand is necessary in this instance. Section 1172.75, subdivision (c) provides the sentencing court must "verify that the current judgment includes a sentencing enhancement described in subdivision (a). If the court determines that the current judgment includes an enhancement described in subdivision (a), the court shall recall the sentence and resentence the defendant." "[T]he use of the word 'verify' suggests that the sentencing court is doing just that, verifying that the individual the CDCR identified is in fact an individual described by the statute…." (*People v. Christianson* (2023) 97 Cal.App.5th 300, 312, review granted Feb. 21, 2024, S283189.)

Here, the record is ambiguous as to whether the prior prison term enhancements imposed in this case are still valid and whether the resentencing court verified that defendant is in fact an individual described by the statute. The information in this matter related to defendant's current convictions and enhancements states with regard to the two prison prior term enhancements (§ 667.5, subd. (b)), defendant served separate terms in state prison for one year or more and he did not remain free of prison custody for a period

9.

of five years subsequent to conclusion of said term after (1) he was convicted of committing various offenses on or about September 2, 1988, in case No. SC36402, including a violation of sections 220, 261, and (2) he was convicted of various offenses on or about August 16, 1983, in case No. SC25694, including a violation of section 220. The certified rap sheet states the 1983 section 220 conviction was for "assault to commit rape" and the reference to sections 220, 261 in the rap sheet reflects the 1988 conviction was also for assault with intent to commit rape.[2]  Assault with intent to commit rape is listed as a sexually violent offense in Welfare and Institutions Code section 6600, subdivision (b) when the offense is carried out by means of force or violence, duress, menace, fear of bodily injury, or threat to retaliate.  (See Welf. & Inst. Code, § 6600, subd. (b).)  Here, the record raises a question as to whether the prior prison terms underlying the section 667.5, subdivision (b) enhancements in this case were served for sexually violent offenses—assault with intent to commit rape by means of force or violence, duress, menace, fear of bodily injury, or threat to retaliate.

Nevertheless, it does not appear this issue was considered or addressed below.  At the beginning of the resentencing hearing, the court stated it reviewed the 1997 probation report and the updated presentence report dated November 7, 2023.  The People then submitted defendant's certified rap sheet as an exhibit and the court took a moment and then stated it reviewed and considered the certified rap sheet after the People submitted it.  As discussed, the certified rap sheet reflects defendant was convicted of assault with intent to commit rape in both cases that formed the basis of the section 667.5, subdivision (b) prison prior enhancements.  The prosecutor then argued "defendant has assault with intent to commit rape from 1983" and "[e]nforceable [*sic*] rape as well as our strikes from 1988."  The trial court asked the probation officer if any of defendant's prior convictions qualified as a "super strike."  Notably, a "sexually violent offense," as defined in Welfare

---

[2]Notably, the prosecutor also argued on the record that defendant had "assault with intent to commit rape from 1983."

10.

and Institutions Code section 6600, subdivision (b), is included in the list of super strike offenses. (See § 667, subd. (e)(2)(C)(iv); *People v. Valencia* (2017) 3 Cal.5th 347, 351, fn. 3.) There was no response by the probation officer on the record. Nevertheless, the court proceeded with resentencing. At no point did the court appear to address or consider whether defendant's prior prison term enhancements were based on terms served for a sexually violent offense even though the record raised a question as to this issue.

As discussed, before recalling and resentencing a defendant under section 1172.75, a resentencing court has a duty to verify defendant's prison prior enhancements are now invalid, which means they must not have been served for a sexually violent offense. (See *People v. Christianson*, *supra*, 97 Cal.App.5th at p. 312, review granted.) Indeed, the trial court's authority to recall and resentence defendant pursuant to section 1172.75 hinges on whether defendant has a now invalid section 667.5, subdivision (b) prior prison term enhancement. (See § 1172.75, subd. (c) ["*If the court determines that the current judgment includes an enhancement described in subdivision (a)*, the court shall recall the sentence and resentence the defendant" (italics added)].)

Because the record here is ambiguous as to whether defendant's prior prison term enhancements may still be valid because they were served for sexually violent offenses— and this ultimately impacts whether the court had authority to resentence defendant pursuant to section 1172.75—we conclude remand is appropriate to permit the court to consider the issue in the first instance and to ensure the court had authority to proceed with resentencing.[3] (§ 1260 ["The court … may, if proper, remand the cause to the trial court for such further proceedings as may be just under the circumstances"]; see *People v. Gallardo* (2017) 4 Cal.5th 129, 138 [determinations about the nature of prior convictions are to be made by the court, rather than a jury, based on the record of

---

[3]While, generally, "[a]bsent evidence to the contrary, we presume that the trial court knew and applied the governing law" (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1390), for the reasons stated, we conclude the record here rebuts this presumption.

conviction].)  On remand, the trial court may consider the record of conviction in Kern County case No. SC36402 and Kern County case No. SC25694 in order to determine what facts were necessarily found or admitted in the prior proceedings and whether the prior prison terms underlying the section 667.5, subdivision (b) enhancements in this matter were served for sexually violent offenses such that they remain valid.  (See *People v. Gallardo*, *supra*, 4 Cal.5th at p. 138.)

Given our conclusion the matter must be remanded for further proceedings to determine, among other things, whether the trial court had jurisdiction to resentence defendant, defendant's current appellate contentions are moot, and we do not address them.

### DISPOSITION

The court's November 16, 2023, resentencing order is conditionally vacated.  The matter is remanded for further proceedings consistent with section 1172.75, subdivision (c).  If the trial court concludes the section 667.5, subdivision (b) prior prison term enhancements are still valid, its November 16, 2023, resentencing order shall remain vacated.  If the trial court concludes both of the section 667.5, subdivision (b) prior prison term enhancements in this matter are no longer valid, its November 16, 2023, resentencing order shall be reinstated.  If only one of the two section 667.5, subdivision (b) prison prior enhancements is found to now be invalid, the court's November 16, 2023, resentencing order shall remain vacated and the court may proceed with a new resentencing hearing pursuant to section 1172.75.